# Betz's Estate.

*Auditor—Auditor's findings of fact.*

An auditor's findings of fact based upon sufficient evidence and confirmed by the court below will not be disturbed by the Superior Court except for clear error.

*Executors and administrators—Interest on claim of administrators disallowed.*

Where a claim of an administrator for services has been in part disallowed, interest on the part disallowed will not be charged against him where it appears that he administered the estate without fraud, that his costs and commissions were allowed, that the litigation to surcharge him was protracted for fourteen years without fault on his part, and that he was given no opportunity whatever to show whether the fund earned interest or not during the period of litigation.

Argued Nov. 16, 1900.    Appeal, No. 169, Oct. T., 1900, by Henry S. Royer, administrator, from decree of O. C. Lancaster County, overruling exceptions to auditor's report in estate of Nancy Betz, deceased. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Reversed.

Exceptions to auditor's report.

The facts are fully stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*B. Frank Kready* and *W. U. Hensel,* for appellant.

*E. D. North,* for appellee, cited on the question of interest, Welch's App., 1 Pennypacker, 9.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

We are not disposed to disturb the order of the court below cutting down the claim of the appellant. It is made upon facts found by an auditor and approved by the court. The imposition of interest upon the disallowed portion of his claim, for some fourteen years, is a different matter. The first adjudication upon the account was entered in March, 1886. The rule to open was taken in October, 1886. It was made absolute in June, 1888. The auditor was appointed in September, 1889. His first report was not filed until October, 1899, a period of ten years from the time of his appointment. Exceptions to his report were filed in October, 1899. Among these exceptions was one that the auditor had failed to allow interest on the moneys representing the disallowed portion of the accountant's claim. This was sustained, and the court referred the matter back to the auditor with instruction to correct his report in this particular. He filed a supplemental report, following the order of the court. This report was confirmed.

The record before us does not show that interest was demanded before the auditor. The question was first presented to the court on exception. No opportunity was given to the accountant to present any facts as to the disposition of the fund made by him pendente. The fund may, for example, have been on deposit awaiting the decree of the court, without interest. In such case the accountant could scarcely have been held for interest at legal rate during a litigation which seems to have possessed an astonishing longevity. Or the fund may have been yielding only the moderate interest paid on ordinary deposit accounts. Of course, were the accountant here convicted of mala fides in administration, the question would have a different coloring. But the allowance by the auditor and by the court of his commissions, his costs and a substantial part of his claim, has at least no effect adverse to his standing as an honest accountant and as a claimant. To load him down with full legal interest upon a fund, which may or may not have yielded any interest, is punitive. His full claim failed of proof. But the auditor's report contains no finding of an at-

tempt to defraud.   These considerations have increased weight when regard is had to the extraordinary and wholly unexplained delay in the proceedings.   Ten years passed between the appointment and report of the auditor.   Four additional years were exhausted in other steps in a litigation that should, under ordinary circumstances, not have required a year to bring to completion.   It is over this period of fourteen years that the interest put upon the appellant runs.   Is he responsible for the detention of the fund?   The petitioners were the actors in the litigation.   The accountant had a decree upon his account in his favor.   True, it was opened, but those who began the proceeding had the laboring oar over the course of its progress.   True, the accountant might have urged a speeding of the cause, but failing to do so, and the court and its officer being the apparent cause of the delay, ought he as an accountant (though also a claimant but partially successful), to be punished with a rate of interest which, although legal, is known to be impossible of procurement for trust funds likely at any time to be required for distribution purposes?

Under the facts of this particular case we think that error was committed in the imposition of the interest on the balance for distribution, and, as it appears that the money constituted a fund which might have been needed at short notice for distribution purposes, and that no direct evidence was presented showing that the accountant was using the money for his own purposes, or that it was in fact bearing any interest at all, we reverse the decree and direct that the record be remitted to the end that distribution may be made in accordance with the views herein expressed.